# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIFFANY WAGNER,

    Plaintiff,

  v.                                                                                                        Case No. 08-C-615

WISCONSIN DEPARTMENT OF CORRECTIONS,
RICHARD RAEMISCH, SUZANNE SCHMIDT,
CATHY JESS, DAVID TARR, WENDY BUEHRENS,
ROSE KLEMAN, JENNIFER BAAS, JENNIFER DEBRUIN,
PAUL LUDVIGSON, MELISSA MEIDAM, BOB AHLBORG,
CARRIE SPRANGER, WELCOME ROSE, AMY SMITH,
CAPTAIN PAUL JOHNSON, ALAN DESCHLER,
MARGARET DONE, VICTORIA MANONI, MARY CAMPBELL,
SANDY KRUCZEK, SALLY WILLIAMS, CINDY KLOPSTEIN,
ISAAC MORCOS, COLLEEN SULLIVAN,
JOHN DOE, sued as John Does - Sgt at Taycheedah Correctional 1 & 2,
JOHN DOE, Captain at Robert E. Ellsworth Correctional,
JOHN DOE, sued as: John Does 1-6 - Sgt at Robert E. Ellsworth Correctional,
JOHN DOE, Social Worker at Robert E. Ellsworth Correctional,
JANE DOE, Correctional Officer at Taycheedah Correctional,
JANE DOE, Captain at Taycheedah Correctional,
JANE DOE, Kitchen Worker at Taycheedah Correctional,
JANE DOE, Captain at Robert E. Ellsworth Correctional, and
JANE DOE, sued as: Jane Does 1-3 - Sgt at Robert E. Ellsworth Correctional,

    Defendants.

## DECISION AND ORDER

      The plaintiff, Tiffany Wagner, who is incarcerated at the Taycheedah Correctional Institution, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis. The February 13, 2009 amended complaint, which is the operative complaint in this action, implicates the plaintiff's constitutional right to refuse unwanted medical treatment, see Russell v. Richards, 384 F.3d 444, 447 (7th Cir. 2004),

and her right to be free from retaliation for using the courts or the administrative complaint system. See Black v. Lane, 22 F.3d 1395, 1401 (7th Cir. 1994). Before the court are the plaintiff's motion to amend the complaint, the plaintiff's motion for a Rule 35(a) examination, the defendants' motion to stay discovery, and the plaintiff's motion of objection to the defendants' motion to stay. These motions will be addressed herein. The defendants have also filed a motion for summary judgment.

On November 19, 2009, the case was reassigned to this court. The parties have consented to United States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.).

### Motion to Amend the Complaint

On November 10, 2009, the plaintiff filed a motion for leave to file an amended complaint "adding more facts and new legal claims as well as curing the defects of naming the defendants who are personally involved in her claims." (Plaintiff's Motion to Amend at 1). The plaintiff seeks to exercise her right to file an amended complaint "once as a matter of course" before being served with a responsive pleading. Fed. R. Civ. P. 15(a). The Local Rules provide in relevant part:

> A motion to amend a pleading must specifically state in the motion what changes are sought by the proposed amendments. Any party submitting a motion to amend must attach to the motion to original of the proposed amended pleading. Any amendment to a pleading, whether filed as a matter or course or upon motion to amend, must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference. If the motion to amend is granted, the clerk must then detach the amended pleading and file it when the order granting the motion to amend is filed.

Civil L.R. 15.1 (E.D. Wis.) The plaintiff did not file a proposed amended complaint along with her motion to amend and, therefore, the motion will be denied.

- 2 -

Discovery Motions

On November 17, 2009, the plaintiff filed a motion to obtain testing/examination from outside a physician/laboratory pursuant to Federal Rule of Civil Procedure 35(a). The plaintiff seeks: (1) a complete laboratory, physical, and mental examination by a suitable and licensed and certified examiner; (2) a complete testing for the presence of all illegally administered drugs; and (3) a complete psychological evaluation by her outside physician. In response, the defendants filed a motion to stay discovery. The defendants contend that the discovery sought is moot because the plaintiff failed to exhaust administrative remedies and, therefore, her lawsuit cannot survive.

"The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). However, the plaintiff has failed to make the requisite showing that "each condition for which the examination is sought is genuinely in controversy" and that there is good cause for such examinations. See Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964). Moreover, a medical examination is not necessary at this stage of the litigation. The court must address the exhaustion issue before turning to the merits of the case. See Pavey v. Conley, 544 F.3d 739, 740 (7th Cir. 2008). Exhaustion of administrative remedies is a condition precedent to suit. Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002) (citing Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999)). Any discovery concerning the merits of the plaintiff's claims is premature prior to resolution of the defendants' motion for summary judgment based on lack of exhaustion of administrative remedies. See Sprague v. Brook, 149 F.R.D. 575

- 3 -

Case 2:08-cv-00615-PJG   Filed 01/06/10   Page 3 of 6   Document 66

(N.D. Ill. 1993) (discovery stayed pending resolution of motion to dismiss, where requested discovery would not help resolve the motion).

### Defendants' Motion for Summary Judgment

On November 23, 2009, the defendants filed a motion for summary judgment for failure to exhaust administrative remedies. Court records indicate that copies of the motion and supporting brief were mailed to the plaintiff on November 23, 2009. Under the applicable procedural rules, the plaintiff's response to that motion should have been filed on or before December 23, 2009.

Briefing schedules are set forth in Civil L.R. 7.1 (E.D. Wis.). Parties are expected to comply with the procedures and dates specified in the rule without involvement of the court.

Court records show that the plaintiff did not file any response to the defendants' motion. However, the plaintiff will be given an additional period of time to respond to the defendants' motion. The plaintiff must file a response to the defendants' motion on or before **February 8, 2010**. Failure to file a response by **February 8, 2010**, may result in dismissal of this action for lack of prosecution, pursuant to Civil Local Rule 41.3 (E.D. Wis.) (copy enclosed) and Federal Rule of Civil Procedure 41(b).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion to amend the complaint (Docket #20) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for a Rule 35(a) examination (Docket #56) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the defendants' motion to stay discovery (Docket #58) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that the plaintiff's motion objecting to the defendants' stay of discovery (Docket #60) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff file a response to the defendants' motion for summary judgment on or before **February 8, 2010**. Failure to file a response by **February 8, 2010**, may result in dismissal of this case for failure to prosecute.

Dated at Milwaukee, Wisconsin this 6th day of January, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge

Civil L.R. 41.3 Dismissal for Lack of Diligence

Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action, the Court may enter an order of dismissal with or without prejudice. Any affected party can petition for reinstatement of the action within 20 days.