## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TIFFANY WAGNER,

    Plaintiff,

    v.                                      Case No. 08-C-615

WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

## **ORDER**

On March 24, 2010, the plaintiff filed a letter requesting that the court transfer her out of Wisconsin Department of Corrections (DOC) custody because correctional officers at Taycheedah Correctional Institution (TCI) have poisoned her again. The plaintiff asserts that she is under extreme duress and that she is in a situation where her life and mental stability are in imminent danger "due to the poisons that are continually being administered to [her] which [she believe[s] are psychomimetics [sic] again." (Plaintiff's Request for Injunction to be Transferred Out of State Custody at 1).

On May 5, 2010, the plaintiff filed a motion for "an emergency preliminary injunction to be transferred out of the State of Wisconsin Department of Corrections custody." (Plaintiff's Request for Preliminary/Preventive Injunction to be Transferred Out of the State of Wisconsin at 1). By this motion, the plaintiff claims that TCI correctional officers have "continuously and systematically poisoned [her] placing [her] under extreme duress and coercion." Id. She further contends that they "have threatened and carried out the threat to poison [her] and or

kill [her] on numerous occasions in an effort to violate [her] very valid PLRA claim and Habeas petition."

A party seeking a preliminary injunction must demonstrate that she is reasonably likely to succeed on the merits, that she is experiencing irreparable harm that exceeds any harm her opponent will suffer if the injunction issues, that she lacks an adequate remedy at law, and that the injunction would not harm the public interest. Christian Legal Society v. Walker, 453 F.3d 853, 859 (7th Cir. 2006). "If the moving party meets this threshold burden, the district court weighs the factors against one another in a sliding scale analysis . . . which is to say the district court must exercise its discretion to determine whether the balance of harms weighs in favor of the moving party or whether the nonmoving party or public interest will be harmed sufficiently that the injunction should be denied." Id.; see Joelner v. Village of Wash. Park, Ill., 378 F.3d 613, 619 (7th Cir. 2004).

"It is a principle of first importance that the federal courts are tribunals of limited subject matter jurisdiction." 13 Charles Alan Wright, et al., Federal Practice and Procedure § 3522 (3d ed. 2008). In this case, the plaintiff is a state prisoner and is currently incarcerated in a Wisconsin state prison facility as a result of a criminal conviction in Wisconsin state court. The plaintiff is in state custody and, under these facts and circumstances, this court is not authorized to order the DOC to transfer the plaintiff out of DOC custody or to move her from her current place of incarceration, let alone out of Wisconsin state custody entirely. Given these jurisdictional limitations, the plaintiff cannot establish that she is reasonably likely to succeed on the merits of her preliminary injunction claim for an order transferring her out of DOC custody or to another prison.

- 2 -

Case 2:08-cv-00615-PJG   Filed 06/24/10   Page 2 of 4   Document 76

Moreover, "[a] prisoner has no due process right to be housed in any particular facility." Whitford v. Boglino, 63 F.3d 527, 532 (7th Cir. 1995); Berdine v Sullivan, 161 F. Supp. 2d 972, 974 (E.D. Wis. 2001) ("[A] prisoner has no liberty interest in avoiding transfer to another prison, be it out-of-state, more restrictive, or owned and run by a private corporation.") (citations omitted); Meachum v. Fano, 427 U.S. 215, 225 (1976) (prisoners do not have a constitutional right to remain in or be transferred to a correctional institution of their own choosing). Thus, the plaintiff would not be entitled to the relief she seeks. Accordingly, the plaintiff's motion and request for a preliminary injunction will be denied.

In her motion for a preliminary injunction, the plaintiff again requests that the court appoint counsel to represent her in this action. Although civil litigants do not have a constitutional or statutory right to appointed counsel, the court has the discretion to request attorneys to represent indigent defendants in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). Pruitt v. Motte, 503 F.3d 647, 653 (7th Cir. 2007); Luttrell v. Nickel, 129 F.3d 933, 936 (7th Cir. 1997) (citing Zarnes v. Rhodes, 64 F.3d 285, 288 [7th Cir. 1995]). As a threshold matter, litigants must make a reasonable attempt to secure private counsel on their own. Pruitt, 503 F.3d at 654; Zarnes, 64 F.3d at 288. Once this threshold burden has been met, the court must address the following question: given the difficulty of the case, does this plaintiff appear competent to try the case herself and, if not, would the presence of counsel likely make a difference in the outcome of the case. Pruitt, 503 F.3d at 654-55 (citing Farmer v. Haas, 990 F.2d 319, 322 [7th Cir. 1993]).

In her prior motion, the plaintiff showed her attempts to obtain counsel on her own. However, based on the plaintiff's filings with the court up to this point, she has demonstrated an ability to litigate this case on her own. The defendants have filed a motion for summary

- 3 -

judgment for failure to exhaust administrative remedies and the plaintiff has filed her response to that motion. The plaintiff also has filed numerous other documents with the court. A review of the case shows that it is not unduly complicated and that, at this juncture, it appears that the presence of counsel would not likely impact the outcome. Therefore, the plaintiff's request for appointment of counsel will be denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's request for injunctive relief be and hereby is **denied**. (Docket #71).

**IT IS FURTHER ORDERED** that the plaintiff's motion for a preliminary injunction be and hereby is **denied**. (Docket #74).

**IT IS FURTHER ORDERED** that the plaintiff's request for appointment of counsel be and hereby is **denied**. (Docket #74).

Dated at Milwaukee, Wisconsin this 24th day of June, 2010.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge