# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIFFANY WAGNER,

    Plaintiff,

  v.                                      Case No. 08-C-00615

WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

## DECISION AND ORDER

The plaintiff, a Wisconsin state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis. Before the court is the defendants' motion for summary judgment for failure to exhaust administrative remedies. This motion is ready for resolution and will be addressed herein.

## SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Citrate, 477 U.S. 317, 324 (1986); McNealy v. Mach., 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those facts that, under the applicable substantive law, "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over "material facts" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.

The burden of showing the needlessness of trial – (1) the absence of a genuine issue of material fact and (2) an entitlement to judgment as a matter of law – is upon the movant.  However, when the nonmoving is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict.  Anderson, 477 U.S. at 267; see also, Celotex Corp., 477 U.S. at 324 ("proper" summary judgment motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleading themselves . . ."); Fed. R. Civ. P. 56(e)(2) ("When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial").  "Rule 56(c) mandates the entry of summary judgment, . . . upon motion, against a party who fails to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."  Celotex Corp., 477 U.S. at 322 (emphasis added).

In determining whether a genuine issue of material fact exists, the court must consider the evidence and draw all reasonable inferences in the light most favorable to the nonmoving party.  See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Dora, Ltd., 475 U.S. 574, 587 (1986), Matter of Wade, 969 F.2d 241, 245 (7th Cir. 1992).  However, we are not required to draw every conceivable inference from the record – only those inferences that are reasonable."  Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991) (citation omitted).  The party with the ultimate burden of proof retains the burden of producing evidence which would support a reasonable jury verdict.  Anderson, 477 U.S. at 267; see also, Celotex Corp, 477 U.S. at 324.

## **RELEVANT UNDISPUTED FACTS**[1]

At all times relevant to the plaintiff's claims, she was incarcerated at Taycheedah Correctional Institution (TCI), which is located in the Eastern District of Wisconsin. The defendants in this case are the Wisconsin Department of Corrections (DOC) and various employees of the DOC. The plaintiff was permitted to bring a claim based on allegations that her right to refuse unwanted medical treatment was violated, as well as her right to be free from retaliation for using the courts or the administrative complaint system.

The plaintiff filed numerous Offender Complaints alleging various forms of alleged forced medical treatment, poisoning, and retaliation. The plaintiff appealed only one of those complaints—Offender Complaint TCI-2008-17145—to the Corrections Complaint Examiner (CCE) office. The plaintiff's CCE appeal of Offender Complaint TCI-2008-17145 was dismissed as untimely because the appeal was not within ten days after the reviewing authority's decision. Other than Offender Complaint TCI-2008-17145, the plaintiff has not filed any CCE appeals that address the allegations in this case.

The Reviewer's Decision dismissing Offender Complaint # TCI-2008-17145 is dated July 6, 2008. (Affidavit of Thomas J. Gozinske [Gozinske Aff.] ¶ 10, Exh. B at unpaginated 4). The plaintiff's appeal to the CCE was received on July 21, 2008, and on September 3, 2008, the appeal was dismissed as untimely. (Gozinske Aff. ¶, Exh. B at unpaginated 6-7).

---

[1] The relevant facts are taken from the Defendants' Proposed Findings of Fact (DFOF), the defendants' Affidavit of Thomas J. Gozinske, and the plaintiff's sworn amended complaint. See Ford v. Wilson, 90 F.3d 245, 246 (7th Cir. 1996) (sworn complaint may be construe as an affidavit at the summary judgment stage).

## ANALYSIS

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a), provides in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Exhaustion of administrative remedies is a condition precedent to suit. Dixon v. Page, 291 F.3d 485, 488 (7th Cir. 2002) (citing Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999)). Section 1997e applies to "all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The PLRA exhaustion requirement requires "proper exhaustion," meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines. Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006). Exhaustion is an affirmative defense and the burden of proof is on the defendants. Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006) (citing Dale v. Lappin, 376 F.3d 652, 655 (7th Cir. 2004)).

The Inmate Complaint Review System (ICRS) within the Wisconsin prisons is the administrative remedy available to inmates with complaints about prison conditions or the actions of prison officials. Wis. Admin. Code § DOC 310.01(2)(a). The Wisconsin Administrative Code specifically provides that before an inmate may commence a civil action, "the inmate shall exhaust all administrative remedies that the [DOC] has promulgated by rule." Wis. Admin. Code § DOC 310.05. The ICRS is available for

- 4 -

inmates to "raise significant issues regarding rules, living conditions, staff actions affecting institution environment, and civil rights complaints." Wis. Admin. Code § DOC 310.08(1).

In order to use the ICRS, an inmate must file a complaint with the inmate complaint examiner (ICE) within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code §§ DOC 310.07(1) & 310.09(6). Complaints submitted later than 14 days after the event may be accepted for good cause. Wis. Admin. Code § DOC 310.09(6). After reviewing and acknowledging each complaint in writing, the ICE either rejects the complaint or sends a recommendation to the "appropriate reviewing authority." Wis. Admin. Code §§ DOC 310.11(2) & 310.11(11). The appropriate reviewing authority must make a decision within 10 days following receipt of the recommendation. Wis. Admin. Code § DOC 310.12. Within 10 days after the date of the decision, a complainant dissatisfied with a reviewing authority decision may appeal that decision by filing a written request for review with the CCE. Wis. Admin. Code § DOC 310.13(1). The CCE reviews the appeal and makes a recommendation to the Secretary of the DOC. Wis. Admin. Code § DOC 310.13(6). The Secretary may accept, adopt, or reject the CCE's recommendation, or return the appeal to the CCE for further investigation. Wis. Admin. Code § DOC 310.14(2).

The defendants contend that due to the plaintiff's failure to timely appeal Offender Complaint TCI-2008-17145 to the CCE, she did not exhaust her administrative remedy as required by Wis. Admin. Code § DOC 310. Although the plaintiff submitted a brief opposing the defendants' motion on March 15, 2010, her response does not contain any argument contesting the defendants' contention that she failed to exhaust administrative remedies. Moreover, while the plaintiff avers in her amended complaint that she filed a

grievance concerning the facts related to the amended complaint, there is no indication that she filed a timely appeal to the CCE, or that she had good cause for filing an untimely appeal.

It is undisputed that other than Offender Complaint TCI-2008-17145, the plaintiff has not filed any CCE appeal that addresses the allegations in this case. It is also undisputed that because the appeal was not within 10 days after the reviewing authority's decision, the plaintiff's CCE appeal of Offender Complaint TCI-2008-17145 was dismissed as untimely. The plaintiff's failure to file a timely appeal constitutes a failure to exhaust administrative remedies. See Woodford, 548 U.S. at 88, 93; see also Pozo v. McCaughtry, 286 F.3d 1022, 1023 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require").

In sum, the undisputed facts establish that the plaintiff has failed to exhaust administrative remedies. Thus, this case is subject to dismissal without prejudice. Ford v. Johnson, 362 F.3d 395, 401 (7th Cir. 2004).

## **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment be and hereby is **granted**. (Docket #51).

**IT IS FURTHER ORDERED** that this case is **dismissed without prejudice** pursuant to 42 U.S.C. § 1997e(a).

**IT IS ALSO ORDERED** that the Clerk of Court shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of July, 2010.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge