# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TIFFANY WAGNER,

    Plaintiff,

v.                                               Case No. 08-cv-615

WISCONSIN DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.

## ORDER

The plaintiff, a Wisconsin state prisoner, filed this pro se civil rights action pursuant to 42 U.S.C. § 1983 and was granted leave to proceed in forma pauperis. On July 12, 2010, the court granted the defendants' motion for summary judgment for failure to exhaust administrative remedies. Judgment was entered on July 14, 2010. The plaintiff has filed a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), which will be addressed herein.

The plaintiff filed her motion on July 22, 2010, and therefore has satisfied the requirement that a motion to alter or amend a judgment be filed within 28 days of entry of the judgment. See Fed. R. Civ. P. 59(e). A court may grant a motion to alter or amend a judgment if there is newly-discovered evidence or an intervening change in the law or if the judgment reflects a manifest error of the law. Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998) (citations omitted). A "manifest error" is a "wholesale disregard, misapplication, or failure to recognize controlling precedent." Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Rule 59(e) motions generally are not

vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996); Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court[.]" In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The court granted the defendants' motion for summary judgment for failure to exhaust because the undisputed facts revealed that the plaintiff failed to file a timely appeal to the Corrections Complaint Examiner (CCE) related to Offender Complaint TCI-2008-17145. Specifically, other than Offender Complaint TCI-2008-17145, the plaintiff did not file an appeal to the CCE addressing the allegations in this case and because the appeal to the CCE was not within 10 days after the reviewing authority's decision, it was dismissed as untimely. The court noted that the plaintiff's response brief did not contain any argument contesting the defendants' contention that she had failed to exhaust administrative remedies and that, while the plaintiff averred in her amended complaint that she filed a grievance concerning the facts related to the amended complaint, there was no indication that she filed a timely appeal to the CCE, or that she had good cause for filing an untimely appeal. The plaintiff's failure to file a timely appeal constituted a failure to exhaust administrative remedies. See Woodford v. Ngo, 548 U.S. 81, 88, 93 (2006); see also, Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require").

In support of her motion to alter or amend judgment, the plaintiff asserts that she "makes this motion based on the fact that she exhausted all administrative remedies when

- 2 -

the defendants incorporated all of her inmate complaints into one offender complaint number TCI 2008 17145, which included the allegations in this case." (Plaintiff's Motion to Alter or Amend Judgment at 1). The plaintiff further asserts that there were multiple issues regarding personal safety concerns with multiple dates included together in the offender complaint. According to the plaintiff, she placed the complaint in the mail to go to the CCE on July 12, 2008. She states that the complaint should have been received within three days and therefore, it should have been reviewed as timely.

The plaintiff does not argue that she is entitled to relief from judgment on a basis for which relief may be granted under Rule 59(e). Rather, her motion appears to be an attempt to advance an argument that should have been presented to the court prior to judgment. Altering or amending a judgment pursuant to Rule 59(e) is permissible when there is newly-discovered evidence or where there has been a manifest error of law or fact. Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 [7th Cir. 2000]). Rule 59(e) requires that the movant "clearly establish" one of the aforementioned grounds for relief. Id. (quoting Romo v. Gulf Stream Coach, Inc., 250 F.3d 1119, 1121 n.3 [7th Cir. 2001]). The plaintiff has not presented newly-discovered evidence nor has she clearly established that the court's order of July 12, 2010, contains a manifest error of law or fact. Therefore, her motion to alter or amend judgment will be denied.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff's motion to alter or amend judgment (Docket #79) be and hereby is **denied**.

Dated at Milwaukee, Wisconsin this 29th day of October, 2010.

BY THE COURT:

s/Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge